

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 3, 2025

**By ECF**
Honorable Rachel P. Kovner
United States District Judge
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Antonio Eaddy v. United States,* 23-cv-8109 (Kovner, J.) (Scanlon, M.J.)

Dear Judge Kovner:

      This Office represents the United States of America in this tort action. In accordance with Your Honor's rules governing civil motion practice, the United States respectfully requests a pre-motion conference as to its anticipated motion to dismiss this action, in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

      Plaintiff, a former inmate housed at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, asserts tort claims against the United States for negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2674, stemming from an altercation between Plaintiff and other inmates on May 10, 2022. Dkt. No. 1 ("Compl."). Plaintiff alleges that the United States was negligent when the Bureau of Prisons ("BOP") decided to move Plaintiff into a new housing unit where the attack on Plaintiff took place. Plaintiff's Complaint should be dismissed for the following reasons.

      **I.**    **Sovereign Immunity Bars Plaintiff's Tort Claim Against the United States**

      The FTCA functions as a limited waiver of sovereign immunity for lawsuits predicated upon torts cognizable under state law committed by federal employees. 28 U.S.C. §§ 1346(b), 2674. The FTCA's private analogue requirement thus limits the United States' waiver of sovereign immunity to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "For liability to arise under the FTCA, a plaintiff's cause of action must be 'comparable' to a 'cause of action against a private citizen' recognized in the jurisdiction where the tort occurred." *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016).

      Importantly, this limited waiver of sovereign immunity does not extend to claims against the United States that are based upon the failure to exercise or perform a discretionary function. 28 U.S.C. § 2680(a). When the Discretionary Function Exception ("DFE") to the FTCA applies, the DFE will bar a plaintiff from recovery even if a federal employee abused his discretion, was negligent, or grossly negligent, in the performance of a discretionary function. *See Dalehite v.*

*United States*, 346 U.S. 15, 39 (1953); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 215 (2d Cir. 1987).

As an initial matter, the DFE is applicable here and strips this Court of subject matter jurisdiction over Plaintiff's negligence claim predicated on his housing assignment at MDC for two reasons. First, no private analogue for this claim exists in New York tort law. Plaintiff's negligent housing assignment claim against Defendant is based on Plaintiff's challenge to BOP's assignment of Plaintiff to a specific housing unit. Private persons do not engage in screenings for prison housing assignments and are not given discretion to decide whether individuals should be placed in certain housing units. Therefore, no private analogue for this type of conduct exists. *Cf., McGowan*, 94 F. Supp. 3d 382, 391-94 (E.D.N.Y. 2015) (Cogan, J.) ("But [the plaintiff's] theory of negligence is . . . that . . . [a BOP official] misapplied a regulation [resulting in his transfer from a halfway house to a detention center] and it is the misapplication itself that constitutes negligence. That regulation only applies to prison administrators regulating and reacting to the conduct of prisoners. There is no private analogue for it, and there is therefore no subject matter jurisdiction over plaintiff's negligence claim."), *aff'd* 825 F.3d 118 (2d Cir. 2016).

Second, the DFE serves as an independent bar to such a claim because Plaintiff's allegation that BOP was negligent in its decision to house Plaintiff in a new unit falls squarely within the ambit of the DFE. BOP's housing and inmate management decisions are discretionary and subject to policy analysis. *Ojo v. United States*, No. 16-cv-4112, 2019 WL 3852391, at *8-9 (E.D.N.Y. Aug. 15, 2019) (Bloom, Ch. M.J.), R&R adopted (E.D.N.Y. Sept. 23, 2019) (Brodie, Ch. J.) (dismissing claim on discretionary housing placement); *Barone v. United States*, No. 12-cv-4103, 2015 WL 10791889, at *18-19 (S.D.N.Y. Oct. 29, 2015) (dismissing an FTCA claim premised on plaintiff's placement in a special housing unit as barred by DFE). As such, Plaintiff's claim must be dismissed for lack of subject matter jurisdiction.

## II. Plaintiff's Claim is Time-Barred

The FTCA bars suit unless a claimant has first presented his or her claim to the appropriate federal agency within two years after such claim accrues and the lawsuit is commenced within "six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim . . .". 28 U.S.C. §§ 2675(a); 2401(b). In the Complaint, Plaintiff alleges that he filed an administrative claim—Form 95—with the BOP, which the BOP received on July 28, 2022. Compl., ¶ 3. He also alleges that BOP "allegedly denied" the claim on June 13, 2023, "but Plaintiff did not receive this denial and was unaware of it." *Id.*, ¶ 5. Plaintiff then filed a second Form 95 with BOP on May 6, 2024, which BOP denied on or about May 30, 2024. *Id.*, 6-8. Plaintiff filed this lawsuit on November 21, 2024. *Id.* Based on Plaintiff's own allegations set forth in the Complaint, this Court must dismiss the lawsuit as untimely.

First, Plaintiff's lawsuit was filed almost twelve months after BOP mailed a copy of the denial of the claim to Plaintiff at the Federal Correctional Institution in Otisville, New York, where Plaintiff was serving his sentence and is thus time-barred. The FTCA statute of limitations begins to run when the agency mails the denial letter, not when, or even if, the letter is received. *See Davis*

<div style="text-align: right">The Honorable Rachel P. Kovner
March 3, 2025</div>

*v. Goldstein*, 563 F. App'x 800, 803 (2d Cir. 2014). "Actual receipt of the notice ... is not required by the statute." *Pascarella v. United States*, 582 F. Supp. 790, 792 (D. Conn. 1984). *See also Youlo v. United States*, No. 12-cv-3135, 2013 WL 4479199, *at 4 (E.D. Pa. Aug. 21, 2013) ("Plaintiff does not and cannot dispute the fact that the USPS sent the notice of claim denial on June 6, 2011. Plaintiff only disputes receipt of this notice. This is not relevant for purposes of determining the limitation periods for the filing of her FTCA claim.").

Second, Plaintiff cannot overcome the untimeliness of his claim by filing a new Form 95 alleging the same negligent facts. Plaintiff cannot restart the six-month clock by filing a second, duplicative claim. *See Roman-Cancel v. United States,* 613 F.3d 37, 42 (1st Cir. 2010) ("[O]ne bite at apple is all that the FTCA's claim-filing scheme allows"). Plaintiff concedes in the Complaint that the claim asserted in the first Standard Form 95 that he filed is identical to the claim asserted in the second Standard Form 95 that counsel filed on his behalf. Compl. ¶ 4 ("[p]rior to retaining undersigned counsel, Plaintiff filed a Form 95 regarding the *instant claim*, which was received by [BOP] Northeast Regional office on July 28, 2022.") (emphasis added).

Accordingly, this Office respectfully requests that the Court hold a pre-motion conference to discuss the United States' intention to move to dismiss Plaintiff's lawsuit or to enter a briefing schedule that provides the United States with 30 days from the date of the Court's order to serve the United States' motion, 30 days thereafter for Plaintiff to serve his response, and 21 days thereafter for the United States to file its reply. We thank the Court for its time and attention to this matter.

<div style="margin-left: 50%">
Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:   */s/ Alexandra Megaris*
Alexandra Megaris
Assistant U.S. Attorney
(718) 254-6105
alexandra.megaris@usdoj.gov
</div>

cc:   All counsel of record (by ECF)

3