UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ANTONIO EADDY,

                          Plaintiff,            Civil Action No.
        v.                                          24-cv-8109

UNITED STATES OF AMERICA,           (Kovner, J.)
                                                      (Scanlon, M.J.)
                                Defendant.

-----------------------------------------------------------------x

## PROPOSED STIPULATION AND ORDER FOR THE
## PROTECTION OF DOCUMENTS AND INFORMATION

WHEREAS, Antonio Eaddy ("Plaintiff") brought the above-captioned action against Defendant United States of America ("Defendant"), pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, et seq.;

WHEREAS, Plaintiff seeks to discovery certain information and documents that are maintained by the Federal Bureau of Prisons ("BOP") concerning this action and that have not been made available to the general public, and Defendant contends that such information and documents are protected from disclosures by various privileges, including but not limited to the law enforcement privilege, and/or concern highly sensitive or confidential matters that would jeopardize the security objectives of BOP if released to the general public;

WHEREAS, in order to permit the parties to discover certain such information and documents relevant to the subject matter of this case without making this confidential information public, the Court hereby enters this Stipulation and Order for the Protection of Documents and Information ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure

and 5 U.S.C. § 522a(b)(11), for the purposes of assuring the protection and confidentiality of such information and documents.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their counsel, as follows:

1. In response to discovery requests, Defendant may designate as "Confidential Material" any document that contains: information covered by the Privacy Act; the law enforcement privilege; Bureau of Prisons ("BOP") personnel and disciplinary-related records; records of investigations regarding the conduct of employees of the BOP; names of BOP inmates other than Plaintiff; medical records; information that the parties agree are subject to this Protective Order; information that is otherwise sensitive; and information that the Court directs to be produced subject to this Protective Order.

2. "Confidential Material" shall be used solely for the purposes of this litigation and shall not be used for any other purpose or suit, nor published to the general public in any form, or used for any business or commercial purpose.

3. Defendant shall designate "Confidential Material" by placing on the documents, records and/or information to be produced a "Confidential" notice or its equivalent. Any confidential designation that is inadvertently omitted following the entry of this Protective Order will not constitute a waiver of confidentiality, and may be corrected by written notification to the Plaintiff.

4. Plaintiff shall not make copies of "Confidential Material" except to the extent necessary for the litigation of this action and the parties' preparation of this action for trial.

5. "Confidential Material" shall be handled as follows:

(a) Information designated as "Confidential Material" shall not be disclosed to the public in any form by the parties or their respective counsel, nor disclosed to any other person or entity without further order of the Court or stipulation by the parties.

(b) Information designated as "Confidential Material" may be disclosed by the parties or their respective counsel only to the following persons: (1) the parties to the action whose counsel have executed this Protective Order on their behalf, including any officers, managers or directors of such parties, or any current or former employees of such parties who are authorized to act on the parties' behalf, or who may be reasonably necessary to aid counsel in the prosecution or defense of this action; (2)counsel of record for the parties and such counsel's regular and temporary employees, including, but not limited to, legal assistants, paralegals and clerical or other support staff; (3) outside vendors who perform scanning, photocopying, computer classification, or similar clerical functions, but only for the time period necessary to perform those services; (4) the Court and its personnel provided that such confidential information is filed under seal in accordance with paragraph 14 of this Protective Order; (5) court reporters who record depositions or other testimony in this case; (6) witnesses qualified as experts and identified as such in good faith, including, but not limited to, translators and interpreters; (7) witnesses at any deposition in this action, subject to the provisions of paragraph 12 of this Protective Order; (8) consultants not in the regular employ of the parties that are needed to assist counsel of record in the litigation or trial of this action; (9)witnesses expected

   to testify at trial; and (10) any other person to whom the party who originally designated the material as confidential agrees in writing after being given five (5) business days written notice.

6. All individuals to whom documents deemed "Confidential Material" are disclosed shall be informed of and shall agree with the terms of this Protective Order; shall not disclose or use "Confidential Material" except in compliance with this Protective Order; and, acknowledge their agreement to comply with this Protective Order by signing a copy of the acknowledgement form, which is attached as Exhibit A. A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for both parties.

7. With respect to all information and documents designated as "Confidential Material" in accordance with the terms of this Protective Order and any pleadings, motions or other papers to be filed with the Court disclosing information and/or documents protected from disclosure, the parties shall, before filing such information or documents with the Court, make a motion to the Court requesting permission to file such information or documents "under seal." If the party's request is granted, the information or documents to be filed "under seal" shall be filed electronically using a filing option that allows the document to be filed under seal and not made accessible to the general public. In addition, the parties shall publicly file redacted versions of the information or documents filed "under seal" if feasible, given the information that needs to be redacted.

8. Nothing in this Protective Order shall preclude any disclosure of documents that are subject to this Protective Order to any district judge, magistrate judge, or employee of the Court for purposes of this case.

9. All "Confidential Material" supplied by the Defendant, and all copies thereof, shall be returned to counsel for the Defendant within ninety (90) days of the conclusion of this litigation through settlement and completion of all settlement terms, or if applicable, after all trial and/or appellate proceedings have been completed. In the alternative, counsel for the Plaintiff may certify in a signed writing addressed to counsel for the Defendant that all "Confidential Material" has been destroyed.

10. Inadvertent production of any "Confidential Material" or information without it being marked "Confidential Material" shall not in itself be deemed a waiver of any claim or confidentiality as to those documents or information. If the Defendant fails to mark an item as "Confidential Material" at the time of production, the Defendant may correct this failure in writing accompanied by substitute copies of each item, container or folder, appropriately marked confidential. In the event of inadvertent production or disclosure, the producing entity may provide written notice to the parties identifying the material inadvertently disclosed. Within five (5) business days of receipt of such notice, any individual or entity that received such allegedly privileged or protected material shall return to the producing entity all such material, and copies thereof, in his, her or its possession.

11. This Protective Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to discoverability, relevance, or

admissibility of a document or information. Nor does this Protective Order constitute a ruling on the question of whether the Defendant or the United States may withhold any particular document or category of information on the basis of privilege.

12. This Protective Order does not constitute a waiver of any privilege or defense that the Defendant or United States have regarding the production of the requested information. Thus, this Protective Order cannot be used as evidence of a waiver of any production objection, including, but not limited to, relevance, undue burden, over breadth, ambiguity, or that the information sought will not lead to the discovery of admissible evidence.

13. This Protective Order is without prejudice to the rights of the Defendant to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or any statute or other authority. This Protective Order shall not prejudice in any way the right of the parties or of the Defendant to apply to the Court for a further protective order relating to any confidential information.

14. Nothing in this Protective Order shall prohibit or limit the United States or any of its agencies or employees from using or disclosing "Confidential Information" as the United States, its agencies, and its employees, would otherwise be authorized to do absent entry of the Protective Order.

[This space is intentionally left blank]

| | |
|---|---|
| Dated: New York, New York<br>August 20, 2025 | Robert H. Rickner<br>Rickner PLLC<br>14 Wall Street, Suite 1603<br>New York, New York 10005<br><br>Elana L. Cohen<br>J. Remy Green<br>Jessica Massimi<br>Cohen & Green P.L.L.C.<br>1639 Centre Street, Suite 216<br>Ridgewood, New York 11385<br><br>*Attorneys for Plaintiff*<br><br>By: /s/ Elena Cohen |
| Dated: Brooklyn, New York<br>July 21, 2025 | JOSEPH NOCELLA, JR.<br>United States Attorney<br>*Attorney for Defendant*<br>Eastern District of New York<br>Attorney for Plaintiff<br>271-A Cadman Plaza East<br>Brooklyn, New York 11201<br><br>By: /s/ Alexandra Megaris<br>ALEXANDRA MEGARIS<br>Assistant United States Attorney<br>(718) 254-6105<br>alexandra.megaris@usdoj.gov |

7

# EXHIBIT A
# TO STIPULATION AND PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

ANTONIO EADDY,

                                      Plaintiff,          Civil Action No.
        v.                                                24-cv-8109

UNITED STATES OF AMERICA,              (Kovner, J.)
                                                                  (Scanlon, M.J.)
                                  Defendant.

-----------------------------------------------------------------x

## ACKNOWLEDGMENT FORM FOR STIPULATION
## AND PROTECTIVE ORDER FOR

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have read and understand the provisions of the Stipulation and Order for the Protection of Documents and Information in this case and I will comply with all of its provisions.

5. I will hold in confidence, and not disclose to anyone not qualified under the Stipulation and Order for the Protection of Documents and Information, any confidential material or any words, summaries, abstracts, or indices of documents or information designated as "Confidential Material."

6. I will limit my use of "Confidential Material" solely to the purpose of this lawsuit.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: _____                    Signed: _____